# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:23-cv-00259-KDB

| | |
|---|---|
| **KERRY ADAM SHINE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint under 28 U.S.C. §§ 1915A and 1915(e). [Doc. 1]. After a substantial delay in receiving Plaintiff's prisoner trust account statement, he is proceeding in forma pauperis. [Docs. 6, 10; 6/29/2023 (Court Only) Docket Entry].

## I.     BACKGROUND

On June 15, 2021, Plaintiff Kerry Shine ("Plaintiff") was charged in this Court in a Bill of Indictment with one count of possession of a firearm by a convicted felon (Count One) and one count of possession of a firearm and ammunition by a convicted felon (Count Two), all in violation of 18 U.S.C. § 922(g)(1). [Criminal Case No. 3:21-cr-00169-MOC ("CR"), Doc. 1: Bill of Indictment]. A warrant for Plaintiff's arrest was issued the same day. [CR Doc. 2: Arrest Warrant]. He was arrested on June 22, 2021. [6/22/2021 CR Docket Entry]. On June 30, 2021, a Magistrate Judge ordered Plaintiff detained pending trial. [CR Doc. 8]. On June 21, 2022, after losing a motion to suppress evidence [CR Doc. 30] and in accordance with a plea agreement [CR Doc. 34], Petitioner pleaded guilty to Count One. [CR Doc. 36]. On September 19, 2022, the final Presentence Investigation Report was filed. [CR Doc. 45].

On May 1, 2023, Plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 against Defendants United States of America and the State of North Carolina, claiming violation of his rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments.[1]  [Doc. 1].  Plaintiff alleges as follows.  On August 12, 2020, he was arrested on an invalid warrant and his person and vehicle were searched without a warrant and without probable cause.  [Id. at 6-7].  Prior to his arrest, "petitioner made bond and local officials confined him to house arrest and also invaded his right by using a GPS tracker and pacing his movements daily."  [Id. at 9].  Presumably after his arrest, "local officials" took "buccal swabs from petitioner persons while in the custody of the Sherrif department without presenting a warrent…. [T]he reason for buccal swab was a fire arm found in a illegal stop stated in the begining of this complaint that happen on August, 12, 2020."  [Id. at 10 (errors uncorrected)].  The "local Government of the Western District of North Carolina had knowledge of these chain of events, and still issued a new indictment supported off the same exact facts that violated petitioners constitutional rights." [Id. (errors uncorrected)].  "They" denied Plaintiff bail "on nonviolent offenses."  [Id.].  Finally, in an apparently unrelated set of facts, the State of North Carolina denied Plaintiff "the right to properly defend his case" and Plaintiff's appointed attorney "was documented for not being in the best interest for [Plaintiff]."  That case "is now under preasure in a civil suit (3:17-cv-306-FDW)."[2]  [Id. at 9 (errors uncorrected)].  For

---

[1] Plaintiff purports to bring his Complaint on behalf of himself as "the soul operator and representative of KERRY ADAM SHINE JR."  [Doc. 1 at 6].  Plaintiff also lists as Defendants Josh Stein, Attorney General of North Carolina; and Dena J. King, "Attorney at United States;" but he failed to name them in the caption of the Complaint.  See Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"); Myles v. United States, 416 F.3d 551 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process."); Perez v. Humphries, No. 3:18-cv-107-GCM, 2018 WL 4705560, at *1 (W.D.N.C. Oct. 1, 2018) ("A plaintiff's failure to name a defendant in the caption of a Complaint renders any action against the purported defendant a legal nullity").  The allegations directed at individuals not named as Defendants are therefore dismissed without prejudice.  The Court notes that Stein and King are not proper Defendants in this action in any event.

[2] This case was dismissed on November 5, 2018 for Plaintiff's failure to comply with the Court's Orders. [Case No. 3:17-cv-00306-FDW, Doc. 12].

injuries, Plaintiff claims that he has suffered PTSD and anxiety, lost family members, and been deprived of four to five years of his life. [Id. at 3]. For relief, Plaintiff seeks $30 million.[3] [Id. at 5].

On June 26, 2023, Plaintiff was sentenced in his related criminal case to a sentence of time served on Count One and two years of supervised release. [CR Doc. 52: Judgment]. The docket in the instant case shows Plaintiff's current address as the Irwin County Detention Center in Ocilla, Georgia. The Clerk, however, recently received a prisoner trust account statement from this Detention Center, which reflected that "RESIDENT RELEASE" occurred on June 14, 2023.[4] [Doc. 9 at 1]. Plaintiff, however, has not updated his address with the Court.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as

---

[3] On June 12, 2023, Plaintiff filed an unsigned and uncaptioned addendum to his Complaint purporting to be a "civil complaint on issues of negligent breach of a mandatory duty under government code 815.6." [Doc. 8]. The Court will strike this improper filing. All pleadings in this action must be signed by an attorney of record or the pro se party and must include the case number. Fed. R. Civ. P. 11(a); Doc. 3 at ¶ 4.

[4] The Court notes that, if Plaintiff has in fact been released from custody, it will have to revisit Plaintiff's recently granted in forma pauperis status.

3

fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. __, 143 S.Ct. 1444 (2023).

Plaintiff's Complaint fails initial review for several reasons. First, neither the United States nor the State of North Carolina are proper Defendants in an action brought under § 1983. The Eleventh Amendment generally bars lawsuits by citizens against non-consenting states brought either in state or federal courts. See Alden v. Maine, 527 U.S. 706, 712-13 (1999); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996). Although Congress may abrogate the states' sovereign immunity, it has not chosen to do so for claims under 42 U.S.C. § 1983. See Quern v. Jordan, 440 U.S. 332, 343 (1979). Likewise, North Carolina has not waived its sovereign immunity by consenting to be sued in federal court for claims brought under 42 U.S.C. § 1983. See generally Mary's House, Inc. v. North Carolina, 976 F.Supp.2d 691, 697 (M.D.N.C. 2013) (claim under 42 U.S.C. § 1983 barred by sovereign immunity of North Carolina). Moreover, the United States is necessarily not a state actor subject to § 1983 liability. The Defendants will be dismissed.

Second, Plaintiff's Complaint is barred by Heck v. Humphrey. 512 U.S. 477 (1994), in any

4

event. Other than Plaintiff's allegations regarding an old state court matter that is clearly barred by the statute of limitations, Plaintiff's claims all derive from the conduct of the arrest underlying his criminal proceedings in this Court. The Court may take judicial notice of its own docket, which shows that Plaintiff pleaded guilty to and served his sentence for one of the two charges for which he was arrested and detained. [See CR Doc. 36, 52]. In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 486-87 (footnotes omitted; emphasis added). Here, Plaintiff's claims depend on what he contends was his wrongful arrest and subsequent search in Plaintiff's related criminal case. As such, a judgment in Plaintiff's favor would imply the invalidity of his federal conviction. Plaintiff, however, has not alleged that his conviction has been vacated or otherwise invalidated (and the Court's own docket shows that it has not). Therefore, Plaintiff's claims are barred by Heck.

Finally, to the extent Plaintiff intended to bring this action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), he has nonetheless failed to

5

state a claim for relief. A Bivens action is the judicially-created counterpart to 42 U.S.C. § 1983, and allows an action for money damages to be brought against individuals acting under the color of federal law for injuries caused by their unconstitutional conduct. Bivens, 403 U.S. at 395-97. Bivens' core premise is to deter individual officers' unconstitutional acts. See Correctional Servs. Corp. v. Malesko, 534 U.S. 61 (2001). "Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Bivens claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. See FDIC v. Meyer, 510 U.S. 471, 475, 484-86 (1994); Dao v. Chao, 306 F.3d 170, 184 (4th Cir. 2002) ("a Bivens action does not lie against either agencies or officials in their official capacity") (citing Meyer, 510 U.S. at 484-86). Here, Plaintiff names the United States of America as a Defendant. As noted, however, the United States is not subject to Bivens claims. As such, to the extent Plaintiff sought to state a Bivens claim against the United States, he has failed.

Despite these significant and ostensibly insurmountable deficiencies, the Court will allow Plaintiff thirty (30) days to amend his Complaint if he so chooses, to properly state a claim upon which relief can be granted against a proper Defendant that is not Heck-barred. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted.

## IV. NOTICE OF CHANGE OF ADDRESS

As noted, it appears that Plaintiff has been released from detention in Georgia. Plaintiff, however, has not notified the Court of his current address. Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current

address.  See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address.").  Where a pro se plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute.  Accord Walker v. Moak, Civil Action No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).  Before dismissing this action for failure to prosecute, the Court will give Plaintiff fourteen (14) days in which to notify the Court of his updated address.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review.  The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order.  Additionally, the Court will allow Plaintiff fourteen (14) days to notify the Court of his new address, or this action will be dismissed without prejudice.

**Plaintiff is cautioned that repeated filing of frivolous or duplicative actions may result in the imposition of sanctions and/or a prefiling injunction that would limit Plaintiff's ability to file further lawsuits in this Court.**

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order.  If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff has fourteen (14) days from this Order to notify the Court of his new address. Plaintiff's failure to timely notify the Court will result of dismissal of this action without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Addendum [Doc. 8] is hereby **STRICKEN** from the record in this matter.

**IT IS FURTHER ORDERED** that Defendants Stein, King, United States of America, and State of North Carolina are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank Section 1983 form.

Signed: July 12, 2023

Kenneth D. Bell
United States District Judge